**ROBERT R. HENSSLER JR.**
California State Bar No. 216165
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
email: Robert_Henssler@fd.org

Attorneys for Mr. Saldana-Rodriguez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LUIS SALDANA-RODRIGUEZ,<br><br>Defendant. | ) | CASE NO.08CR2104-MJL<br><br>DATE: July 21, 2008<br>TIME: 2:00 p.m.<br><br>NOTICE OF MOTIONS AND MOTIONS TO:<br><br>1) SUPPRESS STATEMENTS UNDER THE FIFTH AMENDMENT;<br>2) SEVER COUNT 1 FROM COUNTS 2 THROUGH 7<br>3) COMPEL DISCOVERY/PRESERVE EVIDENCE;<br>4) LEAVE TO FILE FURTHER MOTIONS |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
STEWART YOUNG, ASSISTANT UNITED STATES ATTORNEY:

**PLEASE TAKE NOTICE** that on July 21, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, Jose Luis Saldana-Rodriguez, by and through counsel, Robert R. Henssler Jr., and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

**MOTIONS**

Jose Luis Saldana-Rodriguez, by and through counsel, Robert R. Henssler Jr., and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

(1) Suppress statements under the Fifth Amendment;

(2) Sever count 1 from counts 2 through 7;

(3) Compel discovery Preserve evidence; and

(4) Grant leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

/s/ *Robert R. Henssler, Jr.*

Dated: July 8, 2008

**ROBERT R. HENSSLER JR.**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Saldana-Rodriguez

**ROBERT R. HENSSLER JR.**
California State Bar No. 216165
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
email: Robert_Henssler@fd.org

Attorneys for Mr. Saldana-Rodriguez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE LUIS SALDANA-RODRIGUEZ,<br>Defendant. | ) | CASE NO.08CR2104-MJL<br><br>DATE: July 21, 2008<br>TIME: 2:00 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on the complaint filed in this case. Mr. Saldana-Rodriguez does not accept this statement of facts as his own, and reserves the right to take a contrary position at motion hearings and trial. Mr. Saldana-Rodriguez reserves the right to challenge the truth and accuracy of these facts in any subsequent pleadings or during any further proceedings.

On June 6, 2008, Border Patrol officers arrested Mr. Saldana-Rodriguez near Imperial Beach, California. On June 9, 2008, a complaint was filed charging Mr. Saldana-Rodriguez with violating 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(2)(B)(iii) -- transportation of illegal aliens and bringing in illegal aliens without presentation. Both counts in the complaint relate to conduct alleged to have taken place on June 6, 2008.

On June 11, 2008, defense counsel received a letter and plea agreement from Assistant U.S.

Attorney James Melendres which proposed that Mr. Saldana-Rodriguez plead guilty to an information alleging that on June 6, 2008, he violated 8 U.S.C. § 1324(a)(1)(A)(i) and (v)(II) -- bringing in illegal aliens and aiding and abetting. On June 19, 2008, defense counsel informed Assistant U.S. Attorney James Melendres that Mr. Saldana-Rodriguez was rejecting the government's June 11, 2008, offer and would exercise his Constitutional rights to plead not guilty and to have his case presented to the Grand Jury.

On June 24, 2008, the Grand Jury indicted Mr. Saldana-Rodriguez for violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(2)(B)(ii) and (v)(II) -- transportation of illegal aliens, bringing in illegal aliens for financial gain and aiding and abetting. The indictment, unlike the complaint, charges Mr. Saldana-Rodriguez with conduct on both June 6, 2008, and June 5, 2008. He pled not guilty, and these motions follow.

## II.

## THE COURT MUST SUPPRESS MR. SALDANA-RODRUGUEZ'S STATEMENTS UNDER THE FIFTH AMENDMENT

### A. *Miranda* Warnings Must Precede Custodial Interrogation.

The Supreme Court has held that the government may not use statements, whether exculpatory or inculpatory, obtained during custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The law imposes no substantive duty upon the accused to make any showing other than that the statements were taken while the accused was in custody and subject to interrogation. *Id.* at 476. Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of her freedom of action in any significant way. *Id.* at 477; *see also Orozco v. Texas,* 394 U.S. 324, 327 (1969). In *Stansbury v. California*, 511 U.S. 318 (1994), the Supreme Court stated that "the initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." *Id.* at 323.

When it takes an accused's statement during custodial interrogation, a heavy burden rests on the government to demonstrate that the accused intelligently and voluntarily waived her privilege against self-

incrimination. To satisfy this burden, the prosecution must introduce evidence sufficient to establish "that under the 'totality of the circumstances,' the defendant was aware of 'the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). The Ninth Circuit has stated that "[t]here is a presumption against waiver." *Garibay*, 143 F.3d at 536. The standard of proof for a waiver of constitutional rights is high. *Miranda*, 384 U.S. at 475; *see also United States v. Heldt*, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption against waiver of fundamental constitutional rights) (citing *Johnson v. Zerbst*, 304 US 458, 464 (1938)).

And, it should be noted that, since *Miranda* rests on a constitutional foundation, *see Dickerson v. United States*, 530 U.S. 428, 438 (2000), ***no law or local court rule relieves the government of its burden*** to prove that Mr. Saldana-Rodriguez voluntarily waived the *Miranda* protections. *Miranda*, 384 U.S. at 475. Indeed, the Ninth Circuit recently confirmed this proposition in *United States v. Medina*, 524 F. 3d 974 (9th Cir. 2008). In *Medina*, the defendant argued that because his co-defendant filed a motion to suppress and the local rule said the District Court did not have to hold an evidentiary hearing, then the speedy trial clock did not toll. *Id.* at 982-83. The Ninth Circuit disagreed and specifically held that the local rule did not change the fact that this was a motion that ***"required"*** an evidentiary hearing. *Id.* at 983 ("motions to suppress statements and evidence are of the type that would normally require an evidentiary hearing.") (citing *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)).

The validity of the waiver depends upon the particular facts and circumstances of the case, and include the background, experience, and conduct of the accused. *Edwards v. Arizona*, 451 U.S. 477, 482 (1981); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *see also Garibay*, 143 F.3d at 536; *United States v. Bernard S.*, 795 F.2d at 751 ("a valid waiver of Miranda rights depends upon the totality of the circumstances, including the background, experience and conduct of the accused"). In *Derrick v. Peterson*, 924 F.2d 813 (9th Cir. 1990), the Ninth Circuit confirmed that the issue of the validity of a *Miranda* waiver requires a two prong analysis: the waiver must be both (1) voluntary; and, (2) knowing and intelligent. *Id.* at 820. The voluntariness prong of this analysis "is equivalent to the voluntariness inquiry [under] the [Fifth] Amendment . . . ." *Id.* The knowledge prong mandates an inquiry into whether "the waiver [was]

made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)); *accord Garibay*, 143 F.3d at 436. Thus, "[o]nly if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived." *Derrick*, 924 F.2d at 820 (quoting *Moran v. Burbine*, 475 U.S. at 521) (emphasis in original) (citations omitted)).

Here, Mr. Saldana-Rodriguez was in custody when he was questioned. Unless and until it shows the agents properly administered the *Miranda* warnings and obtained a knowing and intelligent waiver from Mr. Saldana-Rodriguez, the government cannot use evidence obtained as a result of any custodial interrogation that occurred after Mr. Saldana-Rodriguez's arrest. *Miranda*, 384 U.S. at 479.

**B. The Government Bears the Burden of Proving that Mr. Saldana-Rodriguez's Alleged Statements Were Made Voluntarily.**

Even when the procedural safeguards of *Miranda* have been satisfied, a defendant in a criminal case is deprived of due process of law if her conviction is founded upon an involuntary confession. *Arizona v. Fulminante*, 499 U.S. 279 (1991); *Jackson v. Denno*, 378 U.S. 368, 387 (1964). The government bears the burden of proving that a confession is voluntary. *Lego v. Twomey*, 404 U.S. 477, 483 (1972).

In order to be voluntary, a statement must be the product of a rational intellect and free will. *Blackburn v. Alabama*, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne in a particular case, this Court must consider the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (9th Cir. 1973); see also *United States v. Bautista-Avila*, 6 F.3d 1360, 1364 (9th Cir. 1993). A statement is involuntary if it is "extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." *Hutto v. Ross*, 429 U.S. 28, 30 (1976) (quoting *Bram v. United States*, 168 U.S. 532, 542-43 (1897)); *see also United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir. 1981).

To meet its burden, the government must demonstrate that Mr. Saldana-Rodriguez's statement was ***not*** the result of either threats or promises made by the agents, but was made voluntarily. And, ***no law or local court rule relieves the government of its burden*** to prove that Mr. Saldana-Rodriguez statements

were made voluntarily. *See Medina*, 524 F.3d at 983 (motions to suppress statements and evidence ***"require an evidentiary hearing."***).

**C. <u>This Court Must Conduct An Evidentiary Hearing</u>.**

Accordingly, this Court must conduct an evidentiary hearing to determine whether the government can meet this burden and use Mr. Saldana-Rodriguez's statements against him. 18 U.S.C. § 3501; *see also Medina*, 524 F. 3d at 983 (motions to suppress statements and evidence ***"require an evidentiary hearing."***). Since "'suppression hearings are often as important as the trial itself,'" these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading. *See United States v. Prieto-Villa*, 910 F.2d 601, 609-10 (9th Cir. 1990) (quoting *Waller v. Georgia*, 467 U.S. 39, 46 (1984)).

Mr. Saldana-Rodriguez's statements were made as a result of the coercive tactics employed by the agents. Unless and until the government demonstrates that these statements were made voluntarily, the statements may ***not*** be used ***for any purpose*** at trial.

**III.**

**<u>MOTION TO SEVER COUNT 1 FROM COUNTS 2 THROUGH 7</u>**

Rule 14 of the Federal Rules of Criminal Procedure provides for severance of counts "[i]f it appears that a defendant ... is prejudiced by a joinder of offenses ...." FED. R. CRIM. P. 14. Under Rule 14, there are two significant problems posed by the joinder of Count 1 and Counts 2 through 7. First, Mr. Saldana-Rodriguez would seek to testify as to some counts and not as to others and this alone was determined to constitute sufficient prejudice under Rule 14 to warrant severance. *See Cross v. United States*, 335 F.2d 987, 989 (D.C. Cir. 1964). The D.C. Circuit did not reach the constitutional question of whether this joinder infringed upon Fifth Amendment rights. Mr. Saldana-Rodriguez does allege that his Fifth Amendment rights would be violated if he is tried on all counts

Also in *Bean v. Calderon*, this Circuit discussed the prejudice inherent in joining counts with disparate evidence together because "strong evidence of [the defendant's] guilt in [one crime] [could] taint[] the jury's consideration of [the defendant's] complicity in the [other crime]. 163 F.3d 1073, 1085 (9th Cir. 1998). Other circuits are in accord. *See Lucero v. Kerby*, 133 F.3d 1299, 1315 (10th Cir. 1998) ( "One

danger in joining offenses with a disparity of evidence is that the State may be joining a strong evidentiary case with a weaker one in the hope that an overlapping consideration of the evidence [will] lead to convictions on both.") (brackets in original); *see also United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir. 1986) (considering relative strength of evidence underlying joined charges as demonstrating prejudice).

Here, there is a great risk that unless these charges are severed and Count 1 tried first, Mr. Saldana-Rodriguez' Fifth Amendment right will be compromised, and he will suffer undue prejudice under Rule 14.

**IV.**

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

Mr. Saldana-Rodriguez moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely connected investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir.), *cert. denied*, 493 U.S. 858 (1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any *Miranda* warnings which may have been given to the defendant; as well as any other statements by the defendant. FED. R. CRIM. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests the Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under FED. R. CRIM. P.

16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. See FED. R. CRIM. P. 16(a)(1)(B) and (C), FED. R. CRIM. P. 26.2 and 12(I).

(3) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the Government's case. Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(4) Any Information That May Result in a Lower Sentence Under The Guidelines. The Government must produce this information under *Brady v. Maryland*, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5) The Defendant's Prior Record. The defendant requests disclosure of his prior record. FED. R. CRIM. P. 16(a)(1)(B).

(6) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under FED. R. CRIM. P. 16(a)(1)(C) and FED. R. EVID. 404(b) and 609. In addition, under Rule 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under FED. R. EVID. 404(B) at trial. The defendant requests that such notice be given three (3) weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(7) Evidence Seized. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. FED. R. CRIM. P. 16(a)(1)(C).

(8) Request for Preservation of Evidence. The defendant specifically requests the preservation of all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the

possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest in this case.

(9) Tangible Objects. The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the Government's case-in-chief or were obtained from or belong to the defendant. FED. R. CRIM. P. 16(a)(2)(c).

(10) Evidence of Bias or Motive to Lie. The defendant requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(11) Impeachment Evidence. The defendant requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See FED R. EVID. 608, 609 and 613; *Brady v. Maryland*, supra.

(12) Evidence of Criminal Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(13) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(14) Witness Addresses. The defendant requests the name and last known address of each prospective Government witness. The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a Government witness.

(15) Name of Witnesses Favorable to the Defendant. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.

(16) Statements Relevant to the Defense. The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(17) Jencks Act Material. The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(18) Giglio Information. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses.

(19) Agreements Between the Government and Witnesses. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

(20) Informants and Cooperating Witnesses. The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Saldana-Rodriguez. The Government must disclose the informant's identity and

location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

(21) Bias by Informants or Cooperating Witnesses. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio v. United States*, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(22) Government Examination of Law Enforcement Personnel Files. Mr. Saldana-Rodriguez requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Saldana-Rodriguez requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in *Henthorn* remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the Government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Saldana-Rodriguez prior to trial. Mr. Saldana-Rodriguez specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under *Henthorn*, should be the prosecutor's. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

(23) Expert Summaries. Defendant requests written summaries of all expert testimony that the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case in chief, written summaries of the bases for each expert's opinion, and written summaries of the experts' qualifications. FED. R. CRIM. P. 16(a)(1)(E). This request includes, but is not limited to, fingerprint expert testimony.

(24) Residual Request. Mr. Saldana-Rodriguez intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the

Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Mr. Saldana-Rodriguez requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

**V.**

**REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

As new information comes to light, the defense may find it necessary to file further motions. For example, in this case, Mr. Saldana-Rodriguez was initially only charged for conduct relating to the events on June 6, 2008. Only after he exercised his Constitutional Right to plead not guilty, and to have his case presented to the Grand Jury, did the government charge him with conduct relating to June 5, 2008. Defense counsel has requested all discovery relating to the June 5, 2008 incident but has not yet received it. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

**VI.**

**CONCLUSION**

For the reasons stated above, Mr. Saldana-Rodriguez respectfully requests that this Court grant the foregoing motions.

Respectfully Submitted,

*/s/ Robert R. Henssler, Jr.*

Dated: July 8, 2008

**ROBERT R. HENSSLER, JR.**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Saldana-Rodriguez

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**Stewart Young**
Stewart.Young@usdoj.gov,efile.dkt.gc1@usdoj.gov

Dated: July 8, 2008

*/s/ Robert R. Henssler*

ROBERT R. HENSSLER, JR.
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
e-mail: Robert_Henssler@fd.org